UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carolyn Tibbetts,                                    Case No. 3:20-cv-00528

           Plaintiff

       v.

                                               MEMORANDUM OPINION
                                               AND ORDER

Byrnedor Medical LLC, *et al.*,

           Defendants

This is a removed *pro se* case. *Pro se* plaintiff Carolyn Tibbetts filed the complaint against multiple defendants, including the United States and a United States agency, in Toledo Municipal Court. (*See* Doc. No. 1-5; *Carolyn Tibbetts v. Byrnedor Medical LLC, et al.*, CVI-20-02009 (Tol. Mun. Ct.)). Without further explanation, the complaint states that the "United States of America is listed as a defendant because, upon information and belief, it may have an interest in the assets at issue." (Doc. No. 1-1 at 3.)

The United States removed the action to federal court pursuant to 28 U.S.C. § 1442(a)(1), and on March 23, 2020, filed a motion under Fed. R. Civ. P 12(e) for a more definite statement (Doc. No. 4). The plaintiff did not respond to this motion. On May 22, 2020, the United States filed a motion to dismiss the plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (Doc. No. 5). That motion, also unopposed, is granted for the reasons stated below.

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief may be granted when the complaint's factual allegations are presumed true and all

1

reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). A complaint is properly dismissed if, so construed, it fails to present "enough facts to state claim to relief that is plausible on its face." *Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although pleadings and documents filed by *pro se* litigants are generally liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in order to avoid a dismissal. *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011).

Even liberally construed, the plaintiff's complaint, alleging simply that the United States "may have an interest in the assets at issue," fails to meet basic pleading requirements or state a plausible claim for relief against the United States. The Sixth Circuit has made clear that, despite a plaintiff's *pro se* status, federal courts are not required to "guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011) (affirming dismissal of a *pro se* complaint for failure to comply with federal pleading requirements and stating that "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading").

Accordingly, the United States' motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 5) is granted, and this action will be dismissed as against the United States defendants. In light of this ruling, the pending motion for a more definite statement (Doc. No. 4) is denied as moot.

I will not exercise supplemental jurisdiction over the remaining state-law claims the plaintiff asserts in her complaint against non-United States defendants, which are better resolved by the Ohio courts. *See, e.g., Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point

to dismissing the state law claims, or remanding them to state court if the action was removed."). Accordingly, the action will be remanded to the Toledo Municipal Court as to all claims against defendants other than the United States.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                                             s/ Jeffrey J. Helmick
                                             United States District Judge